Learned, P. J.
This is an action to foreclose a mechanic-s lien against the owner of the land. The defendant, Smith, the owner, contracted in writing with one, Johnson, a builder, September 15, 1881, to build a house ; payment as follows : when the foundation is laid, etc. $200; when the building is enclosed, $500, and so on.
There was a provision that if at any nine any payment should fall due, any mechanic’s lien should have been filed, Smith should “have the right and privilege to retain from the amount of said payment or payments the actual, just and true amount of the claim or claims for which the lien or liens were filed.”
*372 The first payment of $200 had been made. About November 14, 1881, Johnson claimed that the building' was substantially enclosed and demanded the next payment of $500.
On the lJth of November plaintiff filed alien for $393.89, of which $324.02 had been in part furnished. Some other hens were filed before November 23 by other parties and the total exceeded $500.
The referee finds that on the 23d of November the work had been substantially done by Johnson to the extent of enclosing the building, and that the payment of $500 was due from Smith. That Smith then refused to pay the $500, and that then Johnson refused to proceed further.
There is some conflict as to the grounds of Smith’s refusal. As found by the court, at plaintiff’s request, it is that Smith refused on the ground that Johnson intended in case payment was made to abandon the work and liens were filed for more than the amount of payment. The learned judge in a certificate explains that the words : “And hens
were filed for more than the amount of the payment,” form a distinct finding of fact; and were not intended to be stated as a ground on which Smith refused. That the alleged intention of Johnson was the sole ground of Smith’s refusal.
Thé finding of the learned judge will bear that construction.
The learned judge was asked to hold as matter of law that the refusal of Smith to pay the $500 was a breach of the contract; and “refused except as to the payment of valid hens.”
The defendant urges that inasmuch as valid liens over $500 had been filed before November 23, the defendant, Smith, did not break his contract by refusing to pay the $500 ; that, therefore, Johnson broke the contract by refusing to proceed ; that hence Johnson could recover nothing from Smith on the contract; that, therefore, the plaintiff could not enforce his hen against Smith.
The learned judge held that Smith did not break the contract, but held this to be subject to the payment of valid hens; that the abandoment of the contract by Johnson was without excuse; but that this was after the $500 became due.
Now it is clear that the proper decision of this case depends on the meaning to be given to the clause relative to the ight of the owner to retain from payments the amount of hens filed. It is evident that the owner is not to keep this money himself. The clause only means that he may retain it for the purpose of paying the hens and thus protecting himself against having to pay twice. And it must be observed that the clause provides that, at any *373 time any payments shall fall due, Smith may retain. Thus it presupposes that Smith owes a payment on the contract, and is to retain the amount of the lien therefrom. The defendant construes this clause as if it read: When a payment falls due, Smith shall not pay it.
The holders of the liens are, as it were, assignees of the money owing to the contractor. And the owner may rightfully protect himself against these conflicting claims, if they do conflict. Now it appears by the finding of the judge that both Travis, who had filed the principal lien, and Johnson urged Smith to pay the $500. Smith’s own testimony is that Johnson said: “I suppose you are going to make the payment,” and he answered, “I am not; it looks as if you were going to abandon the contract.” And again he says he told Johnson that he declared the contract forfeited. When asked on what he based his refusal to pay, he said, “that it was not completed according to the plans and specifications.” It appears, too, from the testimony of the plaintiff, that he went with Johnson to obtain his money, and that Smith said: “ Johnson, I shan’t make you this payment, or pay you any more money on the building until it is completed. I have reason to believe that if you get this payment you are about to abandon the contract.”
It is apparent that the reason why Smith refused to pay was not on account of the liens, but from his fear that Johnson would abandon. Now, the motive might be of little consequence, if Smith had a right to retain this money. But when we are considering whether he was justified in retaining it, it is important to inquire whether he refused to pay any one, or only refused to pay Johnson. Smith took the ground that he was not liable to pay the installment because the work was not done, or because Johnson intended to abandon. . Both of these positions are found against him by the judge. If, instead, he had said: “I am ready to pay, but I must pay these liens, or retain the money for them,” he would then have done what the contract authorized. Or if he had desired time to investigate as to the validity of the liens, then a different question would have been presented. It is one thing to refuse payment absolutely, and another to be in honest doubt who should receive it. The existence of the liens only made the installment payable to some person other than Johnson. It did not discharge Smith from all liability to anyone.
If we turn to defendant’s answer, we find that his defense is the imperfection of the work and its abandonment by Johnson. And there is no claim that the $500 was retained in pursuance of the clause in the contract. He alleges that the $500 was not due, while the clause in the *374 contract which he now urges is, that when payments shall fall due, he may retain from such payments the amount of liens.
_ The defendant’s present argument is somewhat inconsistent. A payment is due on the contract. He retains it from Johnson because the plaintiff and others have liens exceeding it. And when they endeavor to enforce their liens, he denies his liability to them.
The defendant urges that certain holders of liens made no demand for payment prior to Johnson’s abandonment, and that, therefore, there was no breach of contract by the owner in respect thereto. Now, assuming, as the judge has found, that Johnson had so far done the work that the $500 payment was due, the question is, did Smith break his contract by failing to pay. He must show an excuse. His excuse on this agreement is, that there were liens, and that he had a right and privilege to retain the amount therefor; but he did not assert that right and privilege. On the contrary, as was found at defendant’s request, he based his refusal, on the first two witnesses, upon the ground that the building was not complete up to the point where the payment was due.
The view which we take of this case is not exactly that of the learned judge, though we agree in his result. It seems to us that Smith did break his contract by refusing to pay the $500; that he did not exercise, and did not intend to exercise, the right and privilege of retaining the amount of the liens; that an absolute refusal to pay is not an exercise of that right. And even if he had exercised that right and privilege, he could not justly refuse to pay the holders of the liens as well as Johnson.
Judgment affirmed, with costs.
Landon and Mayham, JJ., concur.